# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-348 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DESHAWN A. WHITE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant DeShawn White ("White") to correct the calculation of his jail time credit. (Doc. No. 19.) Because the Court lacks jurisdiction to grant White the relief he seeks, the motion is DISMISSED.

On November 15, 2019, the Court sentenced White to a term of imprisonment of 57 months "with credit for time served." (Doc. No. 17 (Judgment) at 2.[1]) According to the website for the Bureau of Prisons ("BOP"), White is currently serving his sentence at Beckley FCI in Beaver, West Virginia, and has an anticipated release date of May 20, 2025. (*See* https://www.bop.gov/inmateloc/, last visited July 15, 2022.) In the present motion, White seeks the Court's assistance with "adjusting [his] jail time credit[.]" (Doc. No. 19 at 1.) He attaches to his motion a data sheeting reflecting the BOP's calculation of his sentence and release date, including the credit for time served, as of November 4, 2021. (*See id*. at 3–5.) According to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

White, the BOP has failed to credit him for the time he spent incarcerated in a state facility, and further failed to credit him for time spent on a "federal holdover." (*Id.* at 1–2.)

Claims challenging the execution of the prisoner's sentence are properly brought under 28 U.S.C. § 2241. *Id.* Accordingly, a petitioner seeking to challenge how his confinement is being executed, such as the conditions of his confinement or the determination of a release date, must seek relief via a petition under § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991).

By challenging the BOP's calculation of his jail-time credit, White is attacking the execution of his sentence. Consequently, he must file a habeas petition under § 2241 in the district in which he is being confined. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (federal prisoners are required to file § 2241 petitions "in the court having jurisdiction over the prisoner's custodian"); *In re Hanserd*, 123 F.3d 922, 925 n.2 (6th Cir. 1997) (citations omitted). Because White is in custody outside of the Northern District of Ohio, this Court lacks jurisdiction to consider the motion. *Jalili*, 925 F.2d at 893–94. Moreover, transfer to the district where he is confined would be inappropriate because White has not shown that he has exhausted his administrative remedies regarding the execution of his sentence, a necessary prerequisite to seeking judicial review of the BOP's calculation of an inmate's jail time credit and release date. *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10 (Table), 1995 WL 113825 (6th Cir. 1995) (district court did not abuse its discretion in refusing to transfer case challenging sentencing credit to jurisdiction of confinement where petitioner did not demonstrate exhaustion of administrative remedies) (citing, among authority, *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992)); *see also Gay v. Fed. Bureau of Prisons*, No. 3:21-cv-933, 2022 WL

1432554, at *2 (M.D. Tenn. May 5, 2022) (describing the procedure for exhausting remedies through the BOP administrative grievance process).

Because this Court lacks jurisdiction over White's challenge to the execution of his sentence, his motion is DISMISSED without prejudice so that he may file a petition under 28 U.S.C. § 2241 in the judicial district where he is serving his sentence, after he has exhausted his administrative remedies. *See also Jalili*, 925 F.2d at 893–94; *see, e.g., United States v. Webb*, 887 F.2d 1082 (Table), 1989 WL 117898 (6th Cir. 1989) (remanding § 2255 motion for dismissal by the sentencing court for want of jurisdiction where motion challenged calculation of release date and was not brought in the district of prisoner's confinement).

**IT IS SO ORDERED**.

Dated: July 15, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**