**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-348 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| DESHAWN A. WHITE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 15, 2019, defendant DeShawn White ("White" or "defendant") was sentenced to a term of 57 months imprisonment, with credit for time served, following his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(A)(2). (Doc. No. 17 (Judgment); *see* Minutes of Proceedings [non-document], 11/15/2019.) Now before the Court is White's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 22 (Motion).) Appointed counsel filed a notice of intent to not supplement White's *pro se* motion (Doc. No. 25 (Notice)), and the government filed an opposition to the motion. (Doc. No. 26 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In his motion, White asks the Court to reduce his sentence "due to the criminal history amendment, related to 'status points.'" (Doc. No. 22, at 1 (capitalization omitted).) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated White's base offense level to be 20. (*See also* Doc. No. 15 (Final PSR), at 4.) After the appropriate reductions were applied for acceptance of responsibility pursuant to § 3E1.1(a) and (b) of the guidelines, the resulting total offense level was 17. (*See also id*. at 5.) White had six prior convictions for felonious assault, drug abuse, having weapons while under a disability, and carrying a concealed weapon, which collectively resulted in 10 criminal history points. (*See also id*. at 10.) Because White committed the instant offense while he was on probation, he received 2 additional "status points" under § 4A1.1(d). With a total of 12 criminal history points, the guidelines dictated that he was a criminal history category V. The advisory guideline range at offense level 17, criminal history category V, was 46 to 57 months. (*See also id*. at 14.)

Following implementation of Amendment 821, White would receive 1 status point instead of 2, for a total of 11 criminal history points. The corresponding criminal history category of V, however, would be unchanged, and White's guidelines range would remain 46 to 57 months. Accordingly, the amended guidelines concerning status points would not have affected the

2

calculation of White's sentence. He is, therefore, ineligible for a sentence reduction based on Part A of Amendment 821 concerning "status points." Further, because White is ineligible for a sentence reduction based on the amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 22) is DENIED.

**IT IS SO ORDERED**.

Dated: January 11, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**