UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-348 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| DESHAWN WHITE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 8, 2024, *pro se* defendant Deshawn White ("White" or "defendant") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 30 (§ 2255 Motion).)[1] Relying on the Supreme Court's 2022 decision in *New York State Riffle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), White argues that his conviction for being a felon in possession of a firearm and ammunition, under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), is unconstitutional. (*Id*. at 1, 3.) He demands his "immediate release from federal prison due to his Second Amendment right to keep [and] bear arms for self[-]defense [having been] violated." (*Id*. at 1 (capitalization omitted).)

Now before the Court is the motion of plaintiff United States of America (the "government") to dismiss White's motion to vacate as time-barred. (Doc. No. 32 (MTD).)[2] In

---

[1] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While White's motion was filed on the docket on February 22, 2022, it was signed on February 8, 2024. (*See* Doc. No. 30, at 2 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Affording White every benefit of the doubt, the Court will assume, for purposes of the government's motion to dismiss, that White submitted his § 2255 motion to his institution for mailing on the date he signed it (February 8, 2022).

[2] White did not file a response to the government's motion to dismiss, and the time for doing so has passed.

addition to arguing that White's motion is untimely, the government also maintains that the motion to vacate is barred by the plain terms of the waiver contained in White's plea agreement, and that the motion fails on the merits. As set forth below, the Court agrees with the government on all fronts, and grants the motion to dismiss.

I. BACKGROUND

On June 4, 2019, a one-count indictment issued charging White with being a felon in possession of a firearm and ammunition. (Doc. No. 1 (Indictment).) Specifically, the indictment provided that, on January 31, 2019, White possessed an Amadeo Rossi, Model 68, .38 caliber revolver and five rounds of .38 ammunition having previously been convicted in state court of the crime of felonious assault. (*Id*. at 1.) With the assistance of counsel and the benefit of a plea agreement, White entered a guilty plea to the sole charge in the indictment on July 30, 2019. (Minutes of Proceeding [non-document], 7/30/2019; *see* Doc. No. 13 (Plea Agreement).)

The plea agreement contained a broad waiver provision restricting White's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Doc. No. 13 ¶ 18.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the plea] agreement, using the Criminal History Category found applicable by the Court." (*Id*.) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [White] perfecting any legal remedies [White] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of

2

counsel or prosecutorial misconduct." (*Id.*)

On November 15, 2019, the Court sentenced White to a custody term of 57 months, to be followed by three years of supervised release. (Doc. No. 17 (Judgment); Minutes of Proceedings [non-document], 11/15/2019.) White did not take a direct appeal from the Court's judgment, but he filed the present motion to vacate on February 8, 2024. The government's motion to dismiss was timely filed on March 25, 2024. (*See* Doc. No. 31 (Order).)

## II.    STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by

allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all

4

manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that White waived his right to bring a collateral attack on his sentence. Additionally, the uncontracted record demonstrates that White's motion is time-barred and otherwise entirely without merit.

### III. DISCUSSION

#### A. White's Second Amendment Claim is Waived

The government argues that White is procedurally barred from pursuing his Second

5

Amendment challenge in a § 2255 motion because he voluntarily forfeited this right pursuant to his plea agreement. (Doc. No. 32, at 4.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, White specifically waived his right to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. (Doc. No. 13 ¶ 18.) As is the Court's practice, the Court engaged White in a Fed. R. Crim. P. 11 colloquy, wherein after placing White under oath, the Court reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, including the rights he was forfeiting by means of the waiver provision, in order to insure that he understood those rights and that it was his intention to change his plea to guilty. White has not challenged the plea process or otherwise proven (or even suggested) that his plea was deficient in any way. Because White tendered a knowing, intelligent, and voluntary guilty plea, the waiver provision in the plea agreement is enforceable and serves to bar the present collateral attack. *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (enforcing plea agreement waiver on § 2255 motions where petitioners did "not challenge the plea colloquy . . . [or] deny that they knowingly and voluntarily entered" into the plea agreement). Accordingly, the government's motion to dismiss is granted on this first basis.

**B. White's Motion is Time-Barred**

The government also challenges the motion to vacate on timeliness grounds. (*See* Doc. No. 32, at 2–4.) The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on November 15, 2019. Because White did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later on November 29, 2019. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed") (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (allowing for a direct appeal to be taken within 14 days of the entry of judgment). White was required to file his § 2255

7

motion by November 30, 2020.³ Instead, he filed the instant motion more than three years after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

White does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence. *See* § 2255(f)(2), (4). And while White premises his motion to vacate on the Supreme Court's ruling in *Bruen*, he cannot rely on § 2255(f)(3)—providing for the filing of a motion to vacate within one year of the announcement of a new right recognized by the United States Supreme Court and made retroactively available to individuals on collateral review—to justify the delay in filing the present § 2255 motion. As recently recognized by the Sixth Circuit, the Supreme Court in *Bruen* did not announce a new rule of constitutional law for convicted felons. *See In re Clark*, No. 23-1401, 2023 U.S. App. LEXIS 30481, at *3 (6th Cir. Nov. 15, 2023) (denying permission to file a second or successive habeas petition challenging the constitutionality of a § 922(g)(1) conviction, concluding that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring))) (only LEXIS cite available). *See, e.g., Harbin v. United States*, No. 1:20-cr-802, 2024 WL 757103, at *3 (N.D. Ohio Feb. 22, 2024) (denying § 2255 motion premised on *Bruen* as time-barred, in part, because *Bruen* did not create a new right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review (citing *In re Clark*, 2023 U.S. App. LEXIS 30481, at *3)).

In any event, White did not file his motion within one year of the Supreme Court's ruling

---

³ November 29, 2020 was a Sunday. White had until the next day that was not a Saturday, Sunday, or legal holiday, in this case, November 30, 2020, to file his motion. Fed. R. Civ. P. 6(a)(1)(C); *see* Rule 12, Rules Governing § 2255 Proceedings (permitting application of the Federal Rules of Civil Procedure that are not inconsistent with statutory provisions or the § 2255 Rules).

in *Bruen*, which was decided on June 23, 2022. Rather, White's motion was not filed until February 8, 2024. Accordingly, even if *Bruen* had announced a new constitutional rule made retroactively applicable to prisoners on collateral review (which it did not), White would have been too late to avail himself of it. *See, e.g., Harbin*, 2024 WL 757103, at *4. For this additional reason, White's § 2255 motion is untimely, and, therefore, is subject to dismissal for this reason as well.

### C. White's Conviction does not Violate the Second Amendment

Even if the Court reached the merits of White's motion, it would find no basis for vacating his sentence under § 922(g)(1). This Court has already exhaustively addressed the constitutionality of § 922(g)(1) in the wake of *Bruen*, and it has specifically rejected the arguments now raised by White in his § 2255 motion in that prior decision. *United States v. Brown*, No. 1:22-cr-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) (holding that "[t]his Court is bound by Supreme Court and Sixth Circuit precedent finding restrictions on gun ownership by convicted felons, such as those found in § 922(g)(1), constitutional"); *see United States v. Lucas*, No. 5:22-cr-561, 2024 WL 895317 (N.D. Ohio Mar. 1, 2024) (same). In so ruling, the Court joined the "vast majority of courts to address the issue" and concluded that "*Bruen* did not 'overturn, re-write, or alter' the Supreme Court's prior determinations that restrictions on the right of convicted felons to possess weapons are constitutional." *Brown*, 2023 WL 7323335, at *2–4 (collecting cases and noting that "the Supreme Court has been *consistently* clear that its Second Amendment jurisprudence has cast no doubt on the validity of the prohibitions on the possession of firearms by convicted felons" (citations omitted) (emphasis in original)).

White's facial challenge to § 922(g)(1) fails to provide any compelling reason for the Court to deviate from its prior decisions on this matter—consistent with binding precedent from the

Supreme Court and the Sixth Circuit and the clear majority of decisions from other courts—that *Bruen* does not cast doubt on the constitutionality of § 922(g)(1).[4] For this additional reason, White's motion to vacate must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the government's motion to dismiss White's motion to vacate is granted, and White's motion to vacate is dismissed. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's dismissal of White's motion to vacate. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Dated: May 31, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] White does not advance an "as applied" challenge to § 922(g)(1). As noted, this Court has now determined on multiple occasions—consistent with the vast majority of courts—that § 922(g)(1) is constitutional on its face. Yet, even if the Court ascribed to the minority view, it would have found, at the very least, § 922(g)(1) is constitutional as applied to individuals like White who are *dangerous* felons. For example, in *Range v. Attorney General*, the Third Circuit ruled that the government had not shown that it was consistent with the Nation's historic tradition of firearms regulations to deprive the defendant of his Second Amendment right to keep and bear arms. 69 F.4th 96, 106 (3d Cir. 2023) (en banc). But the court emphasized that its decision was a "narrow one[,]" ruling on the constitutionality of § 922(g)(1) "only as applied to" the defendant "given his violation of" a statute that prohibits making false statements to obtain food stamps. *Id*. Unlike the defendant in *Range* and the defendants in other courts adhering to the minority view, White was previously convicted of felonious assault, which could not be "fairly characterized as analogous to the *Range* defendant's conviction of making a false statement to obtain food stamps." *See United States v. El Bey*, 1:21-cr-110, 2024 WL 22701, at *4 (S.D. Ohio Jan. 2, 2024) (rejecting "as applied" challenge to § 922(g)(1) where defendant had previously been convicted of felonious assault and kidnapping). As a result of his felonious assault conviction, White would be unable to show that, even under the minority view, application of § 922(g)(1) post-*Bruen* was unconstitutional as applied to him.